UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CR-20059-MOORE/LOUIS

UNITED STATES OF AMERICA,

                Plaintiff,

v.

ZESHENG DU,

                Defendant.
_____/

## FACTUAL PROFFER

The United States of America and Zesheng Du (the "Defendant"), personally and through his attorney, agree that the following statements are true and accurate and serve as the factual basis for the Defendant to enter a plea of guilty, and could have been proven beyond a reasonable doubt if this case went to trial:

In the late evening of January 19, 2023, the Defendant arrived at Miami International Airport ("MIA") on an international flight from St. Kitts. Upon arrival at MIA's customs check area, Customs and Border Protection ("CBP") Officers selected the Defendant for a routine secondary examination. During this secondary examination, CBP officers found that the Defendant traveled with three cellular phones and one laptop computer.

A basic search of the Defendant's electronic devices revealed conversations between the Defendant and a co-conspirator discussing how to create fraudulent United States Legal Permanent Resident Cards ("LPR Cards") starting as early as September 2022. In these conversations, the Defendant's co-conspirator sent photographs of legitimate LPR Cards to assist in fabricating fraudulent LPR Cards.

The Defendant also had several files on his laptop computer containing altered photographs or scans of LPR Cards. These photographs were saved to software applications which was used to edit the photographs. One photograph saved to a documents folder on the Defendant's laptop showed an LPR Card that contained the Defendant's headshot on a supposed legitimate LPR Card. While that LPR Card contained the Defendant's photograph, name, and birth date, the LPR Card contained a LPR Card number, for a third-party female. Additional photographs saved to the Defendant's electronics evidenced similar efforts to edit LPR Cards, including the LPR Cards of the Defendant's co-conspirator. Importantly, the Defendant has never been issued a legitimate LPR Card and thus, the Defendant had no legal authority to have a U.S. Government-issued LPR Card containing his face, likeness, and information.

Post-*Miranda*, the Defendant admitted that he asked his co-conspirator to send him photographs of legitimate LPR Cards so that he could make fraudulent LPR Cards. The Defendant further admitted that he used software programs to alter the photographs sent to him, and that he created two fraudulent electronic LPR Cards, one for himself and the other for his girlfriend. The Defendant further stated that he never intended to use the LPR cards to gain entry into the United States. Rather, the Defendant stated that he intended to use the fraudulent LPR cards to falsely show the Chinese government that the Defendant had residence in the United States so that the Chinese authorities would authorize renewing his daughter's passport so she could travel out of China. Specifically, the Defendant stated the Chinese government would not renew the Defendant's minor child's passport unless she was travelling to visit immediate family living outside of China. The Defendant stated he could not use his citizenship and residence in St. Kitts for that purpose because China does not recognize St. Kitts as a viable entry port given that St. Kitts, as a nation, recognizes Taiwan as an independent nation. Therefore, the Defendant stated he

was attempting to create proof of residence to show the Chinese government that his daughter was travelling to a Chinese-recognized country.

|  |  |  |
|---|---|---|
|  | | MARKENZY LAPOINTE<br>UNITED STATES ATTORNEY |
| Date: 2/27/23 | By: | _____<br>JONATHAN D. STRATTON<br>ASSISTANT UNITED STATES ATTORNEY |
| Date: 2/27/23 | | _____<br>CELESTE HIGGINS<br>ATTORNEY FOR DEFENDANT |
| Date: 2/27/23 | | _____<br>ZESHENG DU<br>DEFENDANT |