**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 23-cr-20059-MOORE

UNITED STATES OF AMERICA

v.

ZESHENG DU,

     Defendant.

_____/

## REPORT AND RECOMMENDATION ON ORAL MOTION TO EXPEDITE

    **THIS CAUSE** is before the Court on the Parties' Joint *Ore Tenus* Motion to Expedite the Sentencing of Defendant Zesheng Du.  This matter is referred to me to take all necessary and proper action as required by law regarding all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters.  (ECF No. 12).  Though the present Motion does not implicate any dispositive matter, because it affects the scheduling of matters by District Court Judge K. Michael Moore, I dispose of it by Report and Recommendation.  Based upon the factual proffer advanced in support of the Motion to Expedite made by counsel for Defendant at the change of plea hearing conducted on February 27, 2023, this Court **RECOMMENDS** that the motion be **GRANTED** and sentencing in this matter be expedited, for the following reasons.

    First, the advisory guideline range applicable in this case is, the Parties agree, 6–12 months of incarceration.  The Parties have further jointly agreed to recommend to this Court that Defendant Du be sentenced to credit for time served.[1]  While this recommendation is not binding on the Court, it reveals that the Government at least will not be seeking a sentence even within the advisory guideline range, but rather, below it.  Considering the possibility that such a short sentence may

---

[1] As of today, Defendant Du has served 38 days, or just over one month, according to Counsel.

be imposed, the Parties seek to expedite the date of the sentencing hearing.  The Government further noted that the entire posture of the case has been expedited as a result of Defendant Du's cooperation, including waiver of his right to indictment, waiver of preliminary hearing, and agreement to proceed on expedited discovery disclosures.

The Court may proceed to sentencing without requiring that the probation office conduct a full presentence investigation and submit a report if the Court finds that the information in the record enables it to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553.  Fed. R. Crim. P. 32(c)(1)(A)(ii).  Defense counsel proffers that because Defendant has no prior history in the United States, much of the information that would be collected and included in the report would be irrelevant here, such as a history of employment or criminal history.  If the Court elects to proceed with a presentence investigation and report, the Rule nonetheless permits the Court to shorten the time between disclosure of the report and sentencing if Defendant waives his right to the 35-day minimum period.

Accordingly, based on the Parties' Joint Oral Motion, and for the reasons stated above, it is my **RECOMMENDATION** that the Motion be **GRANTED**, and sentencing be expedited in this matter.

As I advised the Parties in open court, the parties will have **THREE (3) CALENDAR DAYS**[2] from the date of service of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge.  Pursuant to Fed. R. Crim. P. 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the Parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right

---

[2]  The period of objections is shortened here with the Parties' consent and consistent with their joint request that the Court expedite Defendant Du's sentencing hearing.

to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985).

      **RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 27th day of February, 2023.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

cc:    Honorable K. Michael Moore
       Counsel of record